UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MITCHELL GLENN WASHINGTON** LA. DOC #105531 | **CIVIL ACTION NO. 5:15-cv-1757** |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Mitchell Glenn Washington, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 26, 2015. Petitioner attacks his 2010 conviction for second degree kidnapping, his subsequent adjudication as a third felony offender, and the hard labor sentence imposed thereon by the First Judicial District Court, Caddo Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as without merit pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.

*Statement of the Case*

On June 23, 2011, petitioner was found guilty as charged of second degree kidnapping; on September 7, 2011, he was adjudicated a third felony offender and sentenced to serve 38 years without benefit of parole. [Doc. 1-2, Exhibit A, pp. 18-19]

Appellate counsel was appointed and he appealed on petitioner's behalf arguing two

claims for relief – (1) insufficiency of the evidence and (2) excessiveness of sentence. [Doc. 1-2, Exhibit A, pp. 2-17] On June 20, 2012, the Second Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State of Louisiana v. Mitchell Glenn Washington*, 47,153 (La. App. 2 Cir. 6/20/2012), 93 So.3d 837. [Doc. 1-2, Exhibit B, pp. 20-28]

On July 12, 2012, petitioner submitted a *pro se* application for writs to the Louisiana Supreme Court. [Doc. 1-2, Exhibit C, pp. 29-47] On February 22, 2013, the Supreme Court denied writs without comment. *State of Louisiana v. Mitchell Glenn Washington*, 2012-1651 (La. 2/22/2013), 108 So.3d 762. [Doc. 1-2, Exhibit D, pp. 48-49]

On September 30, 2013, petitioner filed a *pro se* application for post-conviction relief in the First Judicial District Court. [Doc. 1-2, Exhibit E, pp. 50-70][1] On December 20, 2013, the

---

[1] The application argued the following claims for relief: (1) Petitioner has been denied his constitutional rights to appellate review and to any free copies of the records to have adequate opportunity to fairly present his Constitutional claims on post conviction as guaranteed by the United States Constitution Sixth and Fourteenth Amendment ... Petitioner has made several requests to the court asking for copies of the court records in this matter, however, the Court has denied all requests. (2) Counsel failed to subject the prosecution's case to any meaningful adversarial testing in violation of the Sixth and Fourteenth Amendments of the United States Constitution ... Defense counsel denied petitioner effective assistance when he failed to object and challenge the prior conviction used by the State to enhance his sentence. [Doc. 1-2, Exhibit E, pp. 54-55]
In the Memorandum in Support petitioner argued, "Petitioner contends that he is indigent and that his Constitutional Right to Appellate Review (collateral attack) and to a free copy of the records in this case has been violated." He alleged, "Petitioner is of the opinion that during the trial several state witnesses gave perjured testimony. Defense counsel failed to object and the State recognized the perjury but failed to point it out... There were no objections made during direct examination of each of these witnesses. Had the jurors known these witnesses [were] giving false testimony the out come of the trial could have been different." He claimed, "Petitioner further believes that counsel failed to subject the prosecution's case to any meaningful adversarial testing in violation of the Sixth and Fourteenth Amendments... Counsel sat idly by and allowed the state to present perjured testimony to the jury which resulted in petitioner's conviction." He also claimed, "Petitioner argues his counsel violated his right to effective counsel when he failed (a) Counsel failed to introduce crucial evidence for the jury's consideration, to properly prepare for trial, to render meaningful investigation, to present crucial

District Court denied post-conviction relief.[2]

On March 6, 2014, petitioner applied for writs in the Second Circuit Court of Appeal; he made essentially the same arguments as were made in the District Court. [Doc. 1-2, Exhibit G, pp. 75-88] On April 11, 2014, the Second Circuit denied relief.[3]

On April 29, 2014, petitioner applied for writs with the Louisiana Supreme Court. He made essentially the same arguments he presented to the District Court and the Court of Appeal. [Doc. 1-2, Exhibit I, pp. 93-108] On February 27, 2015, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Mitchell Glenn Washington v. State of Louisiana*, 2014-

---

cross examination, and to present a defense on his behalf which was 'relevant to the issue material in [his] case.'" He also claimed, "Petitioner further believes that defense counsel denied him effective assistance of counsel when he failed to object and challenge the prior conviction used by the state to enhance his sentence." [Doc. 1-2, Exhibit E, pp. 59-70]

[2] The Court denied relief on petitioner's first claim that he was entitled to a free copy of the court records, the Court observed, "Petitioner requested numerous documents that he is not allowed to receive under *State ex rel. Simmons v. State*, 647 So.2d 1094 (La. 1994) without payment of such. This court, at its discretion, has the authority to deny the relief sought by the defendant, whether he is indigent or not." With regard to the ineffective assistance claim the Court observed, "Per *Strickland v. Washington*, 466 U.S. 668, 686 (1984), Petitioner has failed to meet his burden of proof concerning ineffective assistance of counsel. If counsel fails to make objections or [fails] to file certain motions during trial, this does not constitute counsel as being ineffective in his representation of said Petitioner. If a Petitioner state that a claim omitted by counsel should have been argued, the Petitioner must show that issue raised would be sufficient enough to be won on appeal." [Doc. 1-2, Exhibit F, pp. 71-74]

[3] The Court of Appeals denied relief as follows: "... on the showing made, this Court discerns no error in the trial court's ruling that Washington failed to meet his burden to establish that he was deprived of his right to effective assistance of counsel at trial. [citation omitted] Furthermore, Washington is requesting documents that he is not entitled to receive free of charge unless he first shows the documents are necessary to decide constitutional claims that may be raised under post-conviction relief. [citations omitted] Applicant has failed to show that the requested trial transcript is necessary to determine his repetitive claim of insufficient evidence, or his claim of ineffective assistance of counsel." *State of Louisiana v. Mitchell Glenn Washington*, 49,292-KA. [Doc. 1-2, Exhibit H, pp. 89-92]

0959 (La. 2/27/2015), 160 So.3d 983. [Doc. 1-2, Exhibit J, pp. 109-110]

Petitioner filed the instant petition on May 26, 2015. In his memorandum he set forth the following claims which are identical to the claims he raised in the State post-conviction proceedings at all three levels, namely –

> Petitioner has been denied his constitutional rights to appellate review and to any free copies of the records to have adequate opportunity to fairly present his Constitutional claims on post conviction as guaranteed by the United States Constitution Sixth and Fourteenth Amendments ... and,
>
> Counsel failed to subject the prosecution's case to any meaningful adversarial testing in violation of the Sixth and Fourteenth Amendments of the United States Constitution ... Defense counsel denied petitioner effective assistance when he failed to object and challenge the prior conviction used by the State to enhance his sentence. [Doc. 1-1, p. 6]

In the Memorandum in Support petitioner presented the same argument raised at all three levels of State post-conviction relief, namely, "Petitioner contends that he is indigent and that his Constitutional Right to Appellate Review (collateral attack) and to a free copy of the records in this case has been violated." In support of his claim he alleged, "Petitioner is of the opinion that during the trial several state witnesses gave perjured testimony. Defense counsel failed to object and the State recognized the perjury but failed to point it out... There were no objections made during direct examination of each of these witnesses. Had the jurors known these witnesses [were] giving false testimony the outcome of the trial could have been different." [Doc. 1-1, p. 8] He claimed, "Petitioner further believes that counsel failed to subject the prosecution's case to any meaningful adversarial testing in violation of the Sixth and Fourteenth Amendments... Counsel sat idly by and allowed the state to present perjured testimony to the jury which resulted in petitioner's conviction." [Id., pp. 8-9] He claimed, "Petitioner argues his counsel violated his right to effective counsel when he failed (a) Counsel failed to introduce crucial evidence for the

jury's consideration, to properly prepare for trial, to render meaningful investigation, to present crucial cross examination, and to present a defense on his behalf which was 'relevant to the issue material in [his] case.'" [*Id.*, p. 9] He claimed, "Petitioner further believes that defense counsel denied him effective assistance of counsel when he failed to object and challenge the prior conviction used by the state to enhance his sentence." [*Id.*]

## Law and Analysis

### 1. Rule 4 Considerations

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

A review of the petitioner's pleadings and exhibits establishes beyond any doubt that petitioner is not entitled to relief and his *habeas* petition should therefore be dismissed with prejudice in accordance with Rule 4.

### 2. Title 28 U.S.C. §2254(d) – Standard of Review

This *habeas* petition was filed pursuant to 28 U.S.C. §2254 and therefore the standard of

review as set forth in 28 U.S.C. §2254(d) controls. *Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir.2000); *Orman v. Cain*, 228 F.3d 616, 619 (5th Cir.2000). AEDPA substantially restricts the scope of federal review of state criminal court proceedings in the interests of federalism, comity, and finality of judgments. *Montoya v. Johnson*, 226 F.3d 399, 403–04 (5th Cir.2000) citing *Teague v. Lane*, 489 U.S. 288, 306, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) and *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1516, 146 L.Ed.2d 389 (2000) (noting that AEDPA "placed a new restriction on the power of federal courts to grant writs of *habeas corpus* to state prisoners").

> Title 28 U.S.C. § 2254(d) as amended, states as follows:
>
> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the deferential scheme of § 2254(d), as amended, this court must give deference to a state court decision for "any claim that was adjudicated on the merits in State court proceedings" unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. § 2254(d)(2).

A *habeas* petitioner has the burden to prove that he is entitled to relief. *Ormon*, 228 F.3d at 619 citing *Williams*, 120 S.Ct. at 1518, and *Engle v. Isaac*, 456 U.S. 107, 134–35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Under § 2254(d), as amended, "[t]he federal courts no longer have a roving commission to discern and 'correct' error in state court proceedings, but must exercise a more limited review...." *Grandison v. Corcoran*, 78 F.Supp.2d 499, 502 (D.Md.2000). Federal courts may not grant the writ merely on a finding of error by a state court or on a finding of mere disagreement with the state court. *Montoya*, 226 F.3d at 404; *Orman*, 228 F.3d at 619.

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740–41 (5th Cir.2000) citing *Williams*, 120 S.Ct. at 1523; *Montoya*, 226 F.3d at 403 – 04 citing *Williams*, 120 S.Ct. at 1523. "The 'contrary to' requirement 'refers to holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" *Dowthitt*, 230 F.3d at 740 citing *Williams*, 120 S.Ct. at 1523.

Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt*, 230 F.3d at 741 citing *Williams*, 120 S.Ct. at 1523. The standard is one of objective reasonableness. *Montoya*, 226 F.3d at 404 citing *Williams*, 120 S.Ct. at 1521–22. A federal *habeas* court may not issue the writ "simply because that court concludes in its independent

7

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly ... [r]ather, that application must also be unreasonable." *Williams*, 120 S.Ct. at 1522.

Section 2254(d)(2) speaks to factual determinations made by the state courts. *Dowthitt*, 230 F.3d at 741. Federal *habeas courts* presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence. *Id.* Thus, this court must defer to the state court's decision unless it was based on an unreasonable determination of the facts in light of the record of the State court proceeding. *Id.* citing 28 U.S.C. § 2254(d)(2); *Knox*, 224 F.3d at 476 citing *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.2000).

The Louisiana courts addressed the merits of petitioner's claims, applied the appropriate legal standards and concluded that petitioner was not entitled to post-conviction relief. Under Section 2254(d), the burden is on the petitioner to demonstrate that the State court rulings were unreasonable.

### 3. Free Transcripts/Records

Petitioner claims that he is entitled to a free copy of the trial record in order to mount a collateral attack on his conviction. The law is well settled, on direct appeal, an indigent criminal defendant has an absolute right to a free copy of the trial transcript, or an alternative device that fulfills the same function. *Griffin v. Illinois*, 351 U.S. 12, 18–20, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Petitioner does not claim that his appellate counsel was denied a free copy of the trial transcripts on direct review. Thus, he can demonstrate no violation of *Griffin*, *supra*.

Petitioner argues, however, that he is entitled to free transcripts and court records to assist in the preparation of a collateral attack on his conviction. On collateral review, however,

an indigent petitioner's right to a trial transcript is not absolute. Indeed, an indigent petitioner must show a need for the transcript. *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir.1973). A petitioner must also demonstrate that the claims he seeks to raise are not frivolous. In other words, he must show a particularized need for the transcripts. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992)( *per curiam*) (citing *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)).

In denying relief, both the District Court and the Court of Appeals cited *State ex rel. Simmons v. State*, 93-0175 (La. 12/16/1994), 647 So.2d 1094 as authority for the proposition that petitioner was not entitled to a free copy of the trial record absent a showing of particularized need. *Simmons* in turn cited *MacCollom, supra*, for the proposition that absent a showing of particularized need, indigent inmates are not entitled to free copies of their trial transcripts. As is shown hereinafter, petitioner made no such showing in his State court litigation, and he makes no such showing herein. He offered then and now only vague and conclusory examples of ineffective assistance of counsel and was and is still unable to articulate a particular need for the transcripts.

He has not shown that the State courts' judgments denying relief were unreasonable applications of federal law and therefore his claim concerning entitlement to a free transcript must be dismissed on the merits.

### 4. Ineffective Assistance of Counsel

In his state post-conviction proceedings petitioner alleged – "Petitioner is of the opinion that during the trial several state witnesses gave perjured testimony. Defense counsel failed to object and the State recognized the perjury but failed to point it out... There were no objections

made during direct examination of each of these witnesses. Had the jurors known these witnesses [were] giving false testimony the out come of the trial could have been different." Elsewhere he claimed, "Petitioner further believes that counsel failed to subject the prosecution's case to any meaningful adversarial testing in violation of the Sixth and Fourteenth Amendments... Counsel sat idly by and allowed the state to present perjured testimony to the jury which resulted in petitioner's conviction." He claimed, "Petitioner argues his counsel violated his right to effective counsel when he ... failed to introduce crucial evidence for the jury's consideration, to properly prepare for trial, to render meaningful investigation, to present crucial cross examination, and to present a defense on his behalf which was 'relevant to the issue material in [his] case.'" He further claimed, "Petitioner further believes that defense counsel denied him effective assistance of counsel when he failed to object and challenge the prior conviction used by the state to enhance his sentence." [Doc. 1-2, Exhibit E, pp. 59-70]

These identical claims of ineffective assistance were also rejected by the Louisiana courts. The District Court specifically noted, "Per *Strickland v. Washington*, 466 U.S. 668, 686 (1984), Petitioner has failed to meet his burden of proof concerning ineffective assistance of counsel. If counsel fails to make objections or [fails] to file certain motions during trial, this does not constitute counsel as being ineffective in his representation of said Petitioner. If a Petitioner states that a claim omitted by counsel should have been argued, the Petitioner must show that issue raised would be sufficient enough to be won on appeal." [Doc. 1-2, Exhibit F, pp. 71-74]

Implicit in the State courts' findings and conclusions is the observation that petitioner's pleadings provided only vague and conclusory allegations to support his claim of ineffective assistance of counsel. For example, he claimed that witnesses gave perjured testimony; however,

he has yet to identify the witnesses nor has he identified the allegedly perjured testimony. He also claimed that "Counsel failed to introduce crucial evidence for the jury's consideration, to properly prepare for trial,to render meaningful investigation, to present crucial cross examination, and to present a defense on his behalf which was 'relevant to the issue material in [his] case.'" However, he has yet to identify the "crucial evidence" that was omitted; nor what facts would have been discovered following a "meaningful investigation" or what a relevant defense would have entailed. As to his claim concerning counsel's failure to object to one of the predicate convictions used in the habitual offender hearing, petitioner has yet to identify which conviction was improperly used and the reasons why that conviction does not support the habitual offender determination.

The Louisiana courts held that petitioner, who had the burden of proof, failed to establish either deficient performance or prejudice as required by *Strickland v. Washington, supra*, because he alleged only unsupported conclusory allegations in support of his claim. Petitioner has not demonstrated that this finding and the conclusions ultimately made were unreasonable.

Federal law is clear, if a *habeas* petitioner fails to set forth any argument or evidence supporting his ineffective assistance of counsel claim and instead relies upon vague and conclusory allegations, his claim should be dismissed. *Green v. Johnson,* 160 F.3d 1029, 1042 (5th Cir.1998)("[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir.2000)*; Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir.1994)("[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a '*habeas* court cannot even begin to apply *Strickland's* standards' because 'it is very difficult to assess whether

11

counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any of the deficiencies in counsel's performance' "); *United States v. Rodriguez*, 53 F.3d 1439, 1449 (7th Cir.1995)(A defendant has the burden of supplying "sufficiently precise information [regarding] the evidence that would have been obtained had his counsel undertaken the desired investigation, and of showing whether such information ... would have produced a different result").

In the final analysis, in order to be eligible for *habeas* relief pursuant to Section 2254, the petitioner bears the burden of proving that the State court judgments which rejected his claims involved unreasonable applications of federal law and an unreasonable interpretation of the facts. Petitioner has not carried the burden of proof and his petition must be dismissed for that reason.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** on the merits pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 17, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**